IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNRAY PETERS, SR.            *
                            *
v.                          *      Civil No. WMN-13-3114
                            *
BALTIMORE CITY BOARD        *
OF SCHOOL COMMISSIONERS     *
                            *
                            *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Leave to File an
Amended/Clarified Complaint, filed by Plaintiff Unray Peters,
Sr.  ECF No. 11.  Plaintiff, originally proceeding pro se, filed
suit on October 21, 2013, alleging that Defendant, Baltimore
City Board of School Commissioners, "subjected him to
discrimination" based on his age and disability by failing to
accommodate his disability and subjecting him to "constructive
termination/retirement."  ECF No. 1 at 1.  As set forth in this
Court's initial scheduling order, the deadline for amendment of
the pleadings was February 14, 2014.  ECF No. 9.  On March 3,
2014, Plaintiff, now represented by counsel, filed the present
Motion for Leave to File an Amended/Clarified Complaint –
seventeen days after expiration of the deadline as set forth in
the scheduling order.  Plaintiff proposes to amend his Complaint
to add a sex discrimination claim, as well as to clarify his

disability claim with respect to retaliation and to correct certain dates erroneously identified in the original complaint.

Defendant opposed Plaintiff's Motion for Leave to File on two grounds. Defendant argues that the proposed amendments as to sex discrimination and retaliation would be futile, as Plaintiff failed to exhaust his administrative remedies as to those claims. Moreover, Defendant contends that Plaintiff has not shown good cause to amend his Complaint outside of the deadline provided in this Court's scheduling order. See Fed. R. Civ. P. 16(b).

Upon review of the pleadings, the Court will grant Plaintiff's Motion in part and deny it in part. As to Plaintiff's claim of sex discrimination, the Court agrees with Defendant that amendment would be futile. "[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013). Thus, an employee alleging discrimination must first exhaust his or her administrative remedies by filing an intake questionnaire with the Equal Employment Opportunity Commission, which will then prepare a charge for the employee to sign. In any subsequent lawsuit, the court may consider "only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those

developed by reasonable investigation of the original complaint." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)).

The principal purpose of this exhaustion of administrative remedies requirement is to place the defendant on notice of the alleged violations. See Sydnor v. Fairfax County, Va., 681 F.3d 591, 593 (4th Cir. 2012) (citing Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005)). "At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs" and is not intended to be an "insurmountable barrier[] to litigation" resulting from "overly technical concerns." Id. at 594. Thus, "'[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies.'" Id. (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008)) (alterations in original).

Despite this liberal construction, the Court determines that it lacks subject matter jurisdiction over both of Plaintiff's proposed substantive amendments. With regard to Plaintiff's proposed sex discrimination claim, Plaintiff's EEOC charge contains no reference to any facts relating to sex discrimination. See id. at 593 (noting that, "where a charge

3

alleges only racial discrimination but the complaint includes
sex discrimination, or where a charge alleges only retaliation
but the complaint alleges racial discrimination as well," courts
have found a failure to exhaust administrative remedies
(internal citations omitted)).  Although Plaintiff's retaliation
claim is a closer question, the Court finds that it too is
outside the scope of Plaintiff's EEOC charge.

Plaintiff's charge states:

> I began working for the above named employer on
> January 3, 1990 as a Custodial Worker I.  In May 2006,
> I suffered an on the job injury which resulted in
> having a surgical procedure performed.  I was released
> to return to work on light duty in May 2007, however,
> I was informed that no light duty work was available
> since my position can only perform at full maximum
> capacity.  I was encouraged to apply for other
> positions within the agency that may have light duty
> available.  I applied for several positions including:
> Hall Monitor, Recreational Leader, Bus Driver Trainee,
> and Maintenance Supervisor but I was not hired for any
> of these positions.  I remained out of work from May
> 2006 until January 6, 2011 when I received a letter
> informing me that I was being discharged from my
> employment.
>
> I was informed that my discharge was pursuant to
> Board Rule 405.03 due to my prolonged absence by Shawn
> Stokes, Chief Human Capital Officer.  I was not given
> a reason why I was not selected for any of the posted
> positions to which I applied.
>
> I believe that I have been constructively
> discharged, denied a reasonable accommodation and
> denied hire because of my disability in violation of
> the Americans with Disabilities Amendments Act of
> 2008.  I also believe that I have been denied hire
> because of my age (54) in violation of Title VII of
> the Civil Rights Act of 1964, as amended.

ECF No. 12-1.  The boxes checked on Plaintiff's charge form
indicate that Plaintiff claimed discrimination on the basis of
both disability and age, and asserted that he was denied a
reasonable accommodation.  The retaliation box was not checked.
On its face, therefore, Plaintiff's EEOC charge does not state a
claim for retaliation.

Although the EEOC charge itself does not indicate that
Plaintiff intended to pursue a retaliation claim, Plaintiff
argues that he properly exhausted his administrative remedies
because his EEOC intake questionnaire contains language that
would lend itself to a retaliation claim, although, here also,
Plaintiff did not check the box labeled "retaliation."
Plaintiff's answer to question six of the intake questionnaire
states, in relevant part, that Defendant required him to obtain
a high school diploma or G.E.D., and that, "[b]ut for [his] on-
the-job injury in 2006 (16 years), which left [him] disabled,
did [Defendant] claim [he] could only return to work if [he] had
a G.E.D.  To show pretext, [he] secured a G.E.D. in Dec. 2009;
yet [Defendant] failed to return [him] to his job."[1]  ECF No. 17-

---

[1] Defendant's proposed amendment to his Complaint states that
"Defendant retaliated against Plaintiff after he made a
reasonable accommodation request for limited duty, which
Defendant's Business Health Services at Mercy Medical Center
approved, by not permitting him to return to work on or after
May 15, 2007, requiring him to obtain a GED before he could be
considered to return to his custodial position, and requiring

5 at 4.  Plaintiff does not argue, nor does he present any
evidence, suggesting that Defendant received the intake
questionnaire and was thus aware of its precise contents. See
Balas, 711 F.3d at 408 n.5 ("None of the 'routine uses' of the
questionnaire involve sending it or attached documents to
respondent employers."); Barzanty v. Verizon PA, Inc., 361 F.
App'x 411, 415 (3d Cir. 2010) ("[T]he Intake Questionnaire is
not shared with the employer during the pendency of the EEOC
investigation.").  Accordingly, the Court will not treat the
intake questionnaire as a part of the EEOC charge document.  See
Cohens v. Maryland Dept. of Human Resources, 933 F. Supp. 2d
735, 744 (D. Md. 2013) (finding that a mention of retaliation in
an EEOC intake questionnaire did not confer subject matter
jurisdiction over that claim where the EEOC charge itself did
not set forth any retaliatory conduct); see also Park v. Howard
Univ., 71 F.3d 904, 909 (D.C. Cir. 1995) ("To treat Intake
Questionnaires willy-nilly as charges would be to dispense with
the requirement of the notification of the prospective
defendant.").

The question remaining before the Court, therefore, is
whether Plaintiff's claim that he was retaliated against for
requesting a reasonable accommodation is "reasonably related" to

<hr>

him to apply and complete [sic] for alternative positions."  ECF
No. 11-2 at ¶ 58.

his EEOC charge, "such that it would have reasonably been expected to follow from an administrative investigation of that charge."[2]  Miles, 429 F.3d at 492.  The Court notes, at the outset, that the framing of Plaintiff's alleged retaliation charge in his EEOC intake questionnaire is unclear at best.

Although "certain claims absent from a charge of discrimination may be pursued in a subsequent lawsuit if they are 'reasonably related to the original complaint' or 'developed by reasonable investigation of the original complaint,' . . . a plaintiff has failed to exhaust administrative remedies where a charge of discrimination references 'different time frames, actors, and discriminatory conduct' than the allegations found in a complaint."  Johnson v. Baltimore City Police Dept., Civ. No. ELH-12-2519, 2014 WL 1281602, at *11 (D. Md. Mar. 27, 2014) (quoting Jones, 551 F.3d at 330; Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)).  Under that standard,

---

[2] Although the Fourth Circuit has noted that retaliation is reasonably related to a discrimination charge in some contexts and thus need not be expressly raised in the EEOC charge, the Court does not believe the present case falls within that category.  See Jones, 551 F.3d at 302 (noting that "a plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge and because a second conciliation could not be expected to be any more fruitful than the first").  Here, Plaintiff had already been terminated at the time that he filed his EEOC charge, and thus does not allege that any retaliatory action was premised on his filing with the EEOC.

Plaintiff's retaliation claim does not meet the exhaustion requirement. Plaintiff's retaliation claims were known to him at the time he filed his EEOC charge, yet he included no mention of them in that document. Retaliation is different in substance than his reasonable accommodation, ADA discrimination, and ADEA discrimination claims, and thus would not likely grow out of an investigation into his charge. See Jones, 551 F.3d at 302 (noting that the scope of a suit may extend to "any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission"). Indeed, much of Plaintiff's proposed retaliation claim relates to a requirement that he obtain a G.E.D. in order to return to work – a fact which is not mentioned at all in Plaintiff's EEOC charge. The Court agrees with Defendant that, because his retaliation claim is not reasonably related to the claims asserted in Plaintiff's charge, the Defendant was not on notice of the charge and would not have had the opportunity to address it through conciliation or during the administrative process. Accordingly, the Court determines that Plaintiff failed to exhaust his administrative remedies and amendment would be futile.

The remaining proposed amendments to the Complaint are largely clerical and technical in nature, consisting primarily of corrections to erroneous dates and adding additional details,

such as names of organizations, to Plaintiff's allegations.  The
Court is aware of the standards for amending the Complaint at
this juncture, see Odyssey Travel Ctr., Inc. v. RO Cruises,
Inc., 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("Once the
scheduling order's deadline for amendment of the pleadings has
passed, a moving party first must satisfy the good cause
standard of Rule 16(b); if the moving party satisfies Rule
16(b), the movant then must pass the tests for amendment under
[Rule] 15(a)."), and that the time to do so as set forth in this
Court's scheduling order has expired.  See ECF No. 9.  The Court
will nonetheless permit Plaintiff to amend the Complaint to the
extent that such amendments do not contain any substantive
additions, purely for purposes of clarity and consistency in the
record.  The Court notes that Plaintiff filed the original
Complaint pro se, the instant Motion for Leave to Amend was
filed only seventeen days after the deadline set forth in the
scheduling order and discovery is still ongoing, that the
permitted amendments are not substantive in nature, and that
Defendant will not be prejudiced in any manner by those
amendments.

Accordingly, IT IS this 28th day of April, 2014, by the
United States District Court for the District of Maryland,
ORDERED that:

1) Plaintiff's Motion for Leave to File an Amended/Clarified Complaint, ECF No. 11, is GRANTED IN PART AND DENIED IN PART, in that it is:

    a. DENIED as to Plaintiff's proposed retaliation and sex discrimination claims; and

    b. GRANTED as to Plaintiff's remaining proposed amendments;

2) Plaintiff's Amended Complaint, ECF No. 11-2, is deemed filed as of the date of this Order, with the recognition that Plaintiff's sex discrimination and retaliation claims are dismissed;

3) The Clerk SHALL DOCKET Plaintiff's Amended Complaint, ECF No. 11-2; and

4) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.


                   /s/
                   William M. Nickerson
                   Senior United States District Judge