IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNRAY M. PETERS, SR.          *
                              *
v.                            *
                              *    Civil Action No. WMN-13-3114
BALTIMORE CITY BOARD OF       *
SCHOOL COMMISSIONERS          *
                              *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM

Before the Court is a Motion for Summary Judgment filed by Defendant Baltimore City Board of School Commissioners, ECF No. 65, and a "Second Motion to Amend/Correct Amended Complaint" filed by Plaintiff Unray Peters. ECF No. 79. The motions are ripe. Upon a review of the papers filed and relevant case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Plaintiff's motion to amend will be denied and Defendant's motion for summary judgment will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was actively employed as a custodian for Defendant from 1990 to 2006. While working, he suffered a series of on the job injuries requiring significant medical attention. In 2000, he injured his right hand while wringing a mop. He required two surgeries to repair a torn ligament. Plaintiff returned to work upon recovering from the surgeries, but in 2002 re-injured his right hand when a door slammed on it.

He again was able to return to work and was assigned to temporary modified duty.  Then, in 2005, Plaintiff injured his back while trying to remove a wet mattress from a school dumpster.  Finally, in 2006, Plaintiff injured his left wrist when a table locked and jammed his wrist.  Plaintiff left work for surgery to the newly-injured wrist and did not return.

In 2007, Plaintiff was referred by Defendant for a functional capacity evaluation at Rehab for Work, a third-party contractor for Defendant.  Rehab at Work concluded that Plaintiff, at the time of review, could not resume work as a custodian.  From this report, Defendant's Workers' Compensation Specialist determined that he was unable to return to his past custodian position.  Accordingly, Defendant sent Plaintiff to vocational rehabilitation to help him seek other work. Plaintiff applied for other positions within Defendant's school system, including Hall Monitor in 2007, Education Building Supervisor in 2009, and School Bus Driver in 2010.  He was not selected for any of these positions.

On January 26, 2010, Defendant sent a letter to Plaintiff pursuant to School Board Rule 405.03.  The letter informed Plaintiff that, due to his extended absence from his custodial position and the medical information stating he could no longer work as a custodian, he would be required to apply for disability retirement, seek a vacant position for which he was

2

qualified, or submit a letter of resignation.  After an administrative hearing, Plaintiff was officially terminated from employment with Defendant on January 6, 2011.  Subsequently, Plaintiff applied for and received disability retirement from Defendant.  Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on September 26, 2011, alleging disability and age discrimination.  He received his Right to Sue letter from the EEOC on July 25, 2013.

On October 21, 2013, Plaintiff filed suit in this Court against Defendant.  Plaintiff, in his Amended Complaint, filed on April 28, 2014, alleges: (1) that Defendant discriminated against him on account of his age when it failed to reinstate him and ultimately terminated him (Count I – Violation of the ADEA); (2) that Defendant discriminated against him on account of his disabilities when it failed to make a reasonable accommodation to allow Plaintiff to continue as a custodian (Count II – Violation of ADA); and (3) that Defendant's discrimination against Plaintiff on account of his age also constituted a violation of state law (Count III – Violation of Title 20 of Maryland State Government Article).  Defendant filed its Motion for Summary Judgment on March 12, 2015, while Plaintiff filed his Opposition and independent Second Motion to Amend on April 24, 2015.

## II. LEGAL STANDARDS

Summary judgment is appropriate if the record before the court "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 377 U.S. 317, 322-23 (1986).  A fact is material if it might "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, the Court "views all facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." Housley v. Holquist, 879 F. Supp. 2d 472, 479 (D. Md. 2011) (citing Pulliam Inv. Co. v. Cameo Prop., 810 F.2d 1282, 1286 (4th Cir. 1987)).

The relevant standard for addressing a motion to amend a complaint will be discussed below.

## III. DISCUSSION

### A. Plaintiff's Federal Law Claims and Second Motion to Amend

Defendant has asserted sovereign immunity against Plaintiff's federal law claims.  ECF No. 65-1 at 27-28. Plaintiff brings against Defendant violations of Title I of the American with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq.  These federal statutes protect workers

4

against discrimination by employers on the account of disability and age, respectively.  Plaintiffs, however, are limited by sovereign immunity under the Eleventh Amendment when bringing a claim under either statute against a state entity such as Defendant.  The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  Courts have interpreted this Amendment to provide that an "unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state."  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  This immunity "also extends to state agents and state instrumentalities."  Lee-Thomas v. Prince George's Cnty. Pub. Schs., 666 F.3d 244, 248 (4th Cir. 2012).  This immunity further extends to Defendant, as "the relationship between local boards of education and the State of Maryland is sufficiently close to make the boards an arm of the state."  Downing v. Baltimore City Bd. of School Comm'rs, Civ. No. RDB-12-1047, 2012 WL 6615017, at *4 (D. Md. Dec. 18, 2012).

The Supreme Court has held invalid Congress' express provisions to abrogate Eleventh Amendment immunity in ADEA and ADA cases.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, (2000); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S.

356 (2001).  Maryland law, however, provides a limited waiver of
immunity for any claim against a Board of Education in the
amount of $100,000.00 or less.  Md. Code Ann., Cts. & Jud. Proc.
§ 5-518(c) ("A county board of education may not raise the
defense of sovereign immunity to any claim of $100,000 or
less.").  This waiver applies to both ADA and ADEA claims.  See
Bd. of Educ. Of Baltimore Cnty. v. Zimmer-Rubert, 973 A.2d 233,
242 (Md. 2009) (holding that the use of "any claim" in Section
5-518(c) waived immunity to plaintiff's ADEA claim); Lee-Thomas,
666 F.3d at 255 (extending Zimmer-Rubert to apply to a Title I
ADA claim brought in federal court).  Plaintiff's claims as
currently presented, however, do not fall under this exception,
as his Amended Complaint pleads $300,000.00 in compensatory
damages.  ECF No. 19 ¶ c.  As his Amended Complaint stands,
Plaintiff is barred by sovereign immunity from bringing his ADA
and ADEA claims against Defendant.

Plaintiff seeks to maneuver around Defendant's assertion of
sovereign immunity by moving for leave to amend his complaint a
second time.  ECF No. 79.  A review of the red-lined version of
the proposed Second Amended Complaint, ECF No. 79-1, reveals
that Plaintiff's proposed amendments are precisely tailored to
avoid sovereign immunity.  First, Plaintiff adds to his ADA
claim a citation to the Rehabilitation Act of 1973, a statute
which, like the ADA, prohibits discrimination in employment on

the basis of disability but is not subject to Eleventh Amendment immunity.  <u>See</u> 42 U.S.C. § 2000d-7 ("A State shall not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of section 504 of the Rehabilitation Act . . . .").[1]  Next, Plaintiff adds to his prayer for relief a request for injunctive relief, presumably to counter the Supreme Court's holding that private individuals cannot recover money damages against States under Title I of the ADA.  <u>Garrett</u>, 531 U.S. at 374.  Finally, Plaintiff drops his request for monetary relief from $300,000.00 to $100,000.00 in order to fall within the waiver outlined in Section 5-518(c).

It is within the Court's discretion to grant Plaintiff's motion for leave to amend when there is good cause and justice so requires.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Plaintiff brings his second motion to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure only.  <u>See</u> ECF No. 79 at 3.  Rule 15(a)(2) states that the "court should freely give leave [to amend] when justice so requires."  After the deadline for amending pleadings as set forth in the Court's Scheduling Order has passed, however, a plaintiff must also satisfy the

---

[1] Plaintiff also adds, under Count I – Violation of the ADEA, a citation to "Unlawful Employment Practice under § 20-606, State Government Article, Md. Code."  ECF No. 79-1 at 10.  As Count III relates to a state law claim for age discrimination arising under Section 20-606, this proposed amendment is merely duplicative.

"good cause" standard as set forth under Rule 16(b) before the court considers leave to amend under Rule 15(a)(2).  See Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).").  Plaintiff filed the instant motion over a year after the February 14, 2014, deadline for amendment of pleadings as detailed in this Court's Scheduling Order.  Plaintiff, therefore, must demonstrate not only that an amendment is in the interest of justice but also that there is good cause to allow an amendment past the Court's deadline.

Plaintiff, however, was absolutely silent as to the requirements of Rule 16(b) in his motion.  Even after Defendant raised the issue of Rule 16(b) in its Opposition, Plaintiff declined the opportunity to clarify the issue and failed to file a reply brief.  Further, Plaintiff – from his previous motion for leave to amend outside the Scheduling Order deadline – was well aware of the good cause requirement.  For whatever reason, Plaintiff has failed to proffer ground upon which the Court could allow his Second Amended Complaint.  Therefore, the Court has no choice but to deny Plaintiff's Second Motion to Amend,

and judgment is accordingly granted to Defendant on Count I and II of Plaintiff's Amended Complaint.

**B. Plaintiff's Claim under MFEPA**

Defendant next moves for judgment on Count III of the Amended Complaint on the ground of untimeliness.  In Count III, Plaintiff brings one count of prohibited age discrimination in employment pursuant to the Maryland Fair Employment Practices Act (MFEPA), Md. Code Ann., State Gov't, § 20-601 <u>et seq.</u> Maryland law provides that a plaintiff may "bring a civil action . . . alleging an unlawful employment practice, if: (1) the complainant initially filed a timely administrative charge . . .; (2) at least 180 days have elapsed since the filing of the administrative charge . . .; and (3) the civil action is filed within 2 years after the alleged unlawful employment practice occurred."  Md. Code Ann., State Gov't, § 20-1013.  To pursue a claim, plaintiff must satisfy all three requirements.  <u>McCray v. Maryland Dep't of Trans.</u>, Civ. No. ELH-11-3732, 2014 WL 4660793, at *15 (Sept. 16, 2014).

Here, the most recent allegedly unlawful employment practice occurred on January 6, 2011, when Plaintiff was terminated from Defendant's employment.  Plaintiff's original Complaint was filed on October 21, 2013.  As such, his civil action was filed more than two years after the last allegedly discriminatory act occurred and his MFEPA claim is therefore

9

untimely.  Plaintiff, in his Opposition, makes no direct
argument that the statute of limitations window should be
expanded for his MFEPA claim.  He does, however, make an
extended argument regarding the continuing violation doctrine
and equitable tolling arguments with respect to timely
exhausting his administrative remedies.  His arguments regarding
the continuing violation doctrine cannot be applied to his MFEPA
claim, as the doctrine requires one action under review to fall
within time limits.  National Advertising Co. v. City of
Raleigh, 947 F.2d 1158, 1167 (4th Cir. 1991) (stating that, for
the continuing violation doctrine to apply, "the challenged
action must be repeated within the statute of limitations
period").

As to equitable tolling, the Court finds Plaintiff's
argument unavailing.  Equitable tolling is generally applied in
two situations: "[i]n the first, the plaintiffs were prevented
from asserting their claims by some kind of wrongful conduct on
the part of the defendant" while "[i]n the second, extraordinary
circumstances beyond plaintiffs' control made it impossible to
file the claims on time."  Harris v. Hutchinson, 209 F.3d 325
(4th Cir. 2000).  Plaintiff's argument is of the first kind as
he argues he was "misled" by employees of the Defendant by
following their instructions prior to his termination on January
6, 2011.  ECF No. 77 at 43.  "To invoke equitable tolling, the

10

plaintiff must . . . show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987).  Plaintiff fails to point to any specific attempt on the part of Defendant to mislead him.  Instead, he cites to an attached declaration and argues that he was "under the impression" that he could resume his position as a custodian by participating in the vocational training process, responding to requests for appointments, and securing his GED.  While Plaintiff may have misunderstood the eventual outcome of engaging with Defendant to seek other work, his subjective misunderstanding is not sufficient to show action on the part of Defendant meant to conceal Plaintiff's cause of action. Further, Plaintiff's argument does not address why Plaintiff failed to file a timely claim with respect to his termination. Accordingly, judgment will be granted to Defendant on Count III of the Amended Complaint.

**IV. CONCLUSION**

For the above-stated reasons, the Court will deny Plaintiff's Motion to Amend and grant Defendant's Motion for Summary Judgment.  Accordingly, judgment will be granted in favor of Defendant and this case will be closed.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: September 1, 2015